**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Luis HIDALGO–VILLANUEVA, Defendant–Appellant.**

**No. 15–50109.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 14, 2015.

Peter Ko, Assistant U.S., Steve Miller, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Amber Brooke Rabon, Esquire, Amber Rabon, San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

550

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MEMORANDUM **

Jose Luis Hidalgo–Villanueva appeals from the district court's judgment and challenges the 13–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hidalgo–Villanueva contends that the government breached the parties' plea agreement at the sentencing hearing by implicitly suggesting that it did not support the stipulated four-level fast-track departure under U.S.S.G. § 5K3.1. We reject this argument because the record reflects that, in its sentencing summary chart and at the sentencing hearing, the government stood by its recommendation that Hidalgo–Villanueva receive the stipulated fast-track departure. Accordingly, Hidalgo–Villanueva received the benefit of his bargain and "the presentation of a united front to the court." *United States v. Alcala–Sanchez*, 666 F.3d 571, 575 (9th Cir.2012) (internal quotations omitted).

Hidalgo–Villanueva next contends that his sentence is substantively unreasonable in light of the mitigating factors and the court's denial of the fast-track departure. We disagree. The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Hidalgo–Villanueva's immigration history. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.